UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HAROLD JEAN-BAPTISTE,

                Plaintiff,

    -against-

UNITED STATES DEPARTMENT OF JUSTICE;
MERRICK B. GARLAND, Attorney General of the
United States; FEDERAL BUREAU OF
INVESTIGATIONS; CHRISTOPHER WRAY,
Director of the Federal Bureau of Investigations; and
CIVIL PROCESS CLERK FOR THE UNITED
STATES ATTORNEY'S OFFICE SOUTHERN
DISTRICT OF NEW YORK,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-6297 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

    Plaintiff Harold Jean-Baptiste filed the instant *pro se* action on August 18, 2023, and on August 31, 2023, Plaintiff filed an Amended Complaint. (*See* Dkts. 1, 4.) By Memorandum and Order dated September 14, 2023, the Court *sua sponte* dismissed this case, and directed Plaintiff to show cause why he should not be enjoined from filing any new action in this Court.[1] (*See* Dkt. 6.) The Court noted that Plaintiff had brought at least nine other similar cases in this Court and others, all of which were subsequently dismissed, with the majority being deemed frivolous.[2] On

---

[1] The Court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the limited purpose of the Order, noting that Plaintiff has paid the filing fee in his previous actions. (*See* Dkts. 2, 6.)

[2] *See Jean-Baptiste v. U.S. Dept. of Justice, et al.*, No. 22-CV-1420 (RC) (D.D.C. Sept. 7, 2023), Dkt. 35; *Jean-Baptiste v. Westside Donut Huntington Ventures LLC*, No. 23-CV-2308 (PKC) (E.D.N.Y. Apr. 27, 2023), Dkt. 9; *Jean-Baptiste v. Almonte Stream Food Corp.*, No. 23-CV-1384 (PKC) (Mar. 21, 2023), Dkt. 11; *Jean-Baptiste v. U.S. Dept. of Justice, et al.*, No. 22-CV-8318 (LTS) (S.D.N.Y. Mar. 6, 2023), Dkt. 11; *Jean-Baptiste v. U.S. Dept. of Justice et al.*, No. 22-CV-6718 (PKC) (E.D.N.Y. Dec. 6, 2022), Dkt. 15; *Jean-Baptiste v. U.S. Dept. of Justice, et al.*, No. 22-CV-22376 (JEM) (S.D. Fla. Aug. 14, 2022), Dkt. 52; *Jean-Baptiste v. U.S. Dept. of Justice, et al.*, No. 22-CV-1861 (TSC) (D.D.C. Aug. 1, 2022), Dkt. 12; *Jean-Baptiste v. U.S. Dept.*

1

September 14, 2023, Plaintiff filed a response to the Order to Show Cause. (*See* Dkt. 7.) On September 15, 2023, Plaintiff filed a notice of voluntary dismissal. (*See* Dkt. 8.)

Plaintiff was warned in previous orders that "[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks omitted); *see also Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). In fact, in *Jean-Baptiste v. Westside Donut Huntington Ventures LLC*, No. 23-CV-2308 (PKC), Plaintiff was ordered to show cause why he should not be enjoined from filing any further actions in this Court without leave to file. (No. 23-CV-2308, Dkt. 9.) In response, Plaintiff filed a declaration stating that he "doesn't have any intention of ever in life petitioning any case in the Eastern District of New York again." (No. 23-CV-2308, Dkt. 11, at 1.) The Court did not enter a filing injunction against Plaintiff at that time because of his representation, but warned Plaintiff that if he filed another frivolous action in this District, the Court would issue another Order to Show Cause. Unfortunately, Plaintiff clearly did not heed the Court's multiple warnings and did not abide by his own assertion, as evidenced by the filing of the instant action.

In his response to the latest Order to Show Cause, Plaintiff continues to set forth frivolous allegations and fails to provide any compelling reason why he should not be enjoined from filing any new action in this Court without leave to file. The Court finds that Plaintiff is likely to continue to waste the Court's resources by frequently filing frivolous actions, and that these actions by Plaintiff have already and will continue to detract from legally cognizable cases the Court has before it.

---

*of Justice, et al.*, No. 22-CV-897 (DLF) (D.D.C. Apr. 15, 2022), Dkt. 8; *Jean-Baptiste v. U.S. Dept. of Justice, et al.*, No. 21-CV-2221 (TNM) (D.D.C. Jan. 25, 2022), Dkt. 25.

2

## FILING INJUNCTION

Accordingly, Plaintiff is enjoined from filing any further actions in the Eastern District of New York without first obtaining leave of the Court. To eliminate the need to write a decision every time Plaintiff makes a frivolous filing (because that would largely defeat the purpose of the injunction), the injunction shall be implemented as follows. First, the Clerk of Court is directed to open a miscellaneous case entitled "In re Harold Jean-Baptiste," and to file a copy of this order under that docket number. The matter is then to be administratively closed. Any filings by Plaintiff shall be filed only under that miscellaneous docket number. The Court will review each filing to determine whether it is frivolous or fails to state a claim. If it is frivolous or fails to state a claim, no further action will be taken. If it states a claim, the Court will direct the Clerk of Court to open a new civil matter in which those documents will be filed, and it will proceed as a new case in the ordinary course.

Nothing herein shall be construed to prohibit Plaintiff from filing an appeal of this Order. The Clerk of Court is respectfully directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: October 10, 2023
Brooklyn, New York